CUMING v. GLEASON.

MUNICIPAL CORPORATIONS—SIDEWALKS—BOARD OF PUBLIC WORKS —FIXING GRADE.

Where a board of public works, after establishing the grade for a sidewalk as directed by the council, recommend that the building of the walk be deferred for one year, its action in so doing does not rescind its prior action in establishing the grade.

Appeal from superior court of Grand Rapids; Newnham, J. Submitted April 11, 1905. (Docket No. 48.) Decided May 12, 1905.

Bill by Mary H. Cuming and Emily J. Cuming against Thomas J. Gleason, city marshal, and the city of Grand Rapids, to restrain the building of a sidewalk. From a decree dismissing the bill, complainants appeal. Affirmed.

*Dwight Goss*, for complainants.

*Moses Taggart*, for defendants.

Hooker, J. The complainants are owners of a messuage upon the east side of Bostwick street in the city of Grand Rapids, with a frontage of 524 feet. This street was graded 20 or more years ago, and no change has been made since. We infer that no sidewalk has ever been laid upon the east side of the street, and that the portion outside of the curb rises abruptly to the east from the curb. The complainants' dwelling house is alleged to stand 57 feet from the curb line of the street, and 30 feet above said street, upon a sand hill. The bill is filed to restrain the grading for, and construction of, a sidewalk on the east side of said street. The record does not affirmatively show how, when, or by whom the walk was ordered in the first instance, but we infer that it was ordered by the council, under the provisions of section 19, tit. 5, of the city charter (1901), which gives it power to do so. On May 20, 1904, the board of public works passed the following resolution: "Resolved, that the east sidewalk on Bostwick street, between Crescent avenue and East Bridge street, be placed adjacent to the curb." In doing so it is said to have acted under authority conferred by section 11, tit. 9, of the charter (1901), viz.:

"Said board of public works is hereby empowered to determine and establish the grade line of all streets, highways, lanes, alleys, courts, sidewalks, public places and public grounds, in the city, and to compel the laying of all sidewalks in conformity with the grade line thereof; and in case any sidewalk shall be laid not in conformity with such grade line, said board of public works shall remove such walk and rebuild the same in accordance with the grade line so established, and the cost thereof shall be a charge against the adjoining property, and become a lien thereon, until paid."

A notice dated May 21, 1904, was duly served upon complainants, referring to a resolution of the council, a copy of which was said to be upon the back of said notice, and a part thereof. It contained specifications, etc. Subsequently the complainants joined in a protest to the board of public works against building the walk next to

the curb. Thereupon the board visited the premises, and "on motion of Mr. Shanahan the clerk was instructed to report to the council that an examination of the conditions had been made, and that the conditions of the property at the present time made it impossible to establish a practical grade line; and, inasmuch as there was no public demand for the improvement, he would recommend to the council that action be deferred for one year;" and he sent the following notice to the council:

"To the Mayor and Common Council.

"*Gentlemen:* Some time ago M. H. and E. J. Cuming, agents for the property on Bostwick street, presented a communication to the board of public works, asking the board to establish a sidewalk grade line on the east side of Bostwick street, between Crescent avenue and Bridge street. At the last out-door meeting the board made an examination of the conditions, and I was instructed to report to your honorable body that it is the sense of the board of public works that it is impossible to establish a practical grade line, and as there is little public demand for a change from the present conditions, they recommend that action be deferred for one year.

"Respectfully submitted,

"Jno. C. Brown, Clerk."

It does not appear that this action of the board was taken in compliance with section 31, tit. 9, charter 1901, which requires that the vote of each member be shown in the record of its proceedings. This communication was referred to a committee, and its report was adopted by a yea and nay vote of the council, 18 to 4. The report is as follows:

"'To the Honorable Common Council.

"*Gentlemen:* Your special committee, consisting of the committee on sidewalks and the city attorney, to whom was referred the communication of the board of public works, file No. 22,351, in reference to the communication of M. H. & E. J. Cuming, asking said board to establish a sidewalk grade line on the east side of Bostwick street between Crescent avenue and Bridge street, would report thereon: Your committee have given such matter due

and careful consideration, and recommend that such grade line be established, and that walks on such portion of said Bostwick street be constructed at once.

"Respectfully submitted,
"PAUL J. AVERILL,
"WALTER H. STRUCK."

The walk not being built by the complainants, the city marshal arranged to build it with a view to charging the expense against the premises, when complainants filed this bill to restrain him. Complainants say that the cause was heard on pleadings and proofs, while defendants assert that it was heard on bill and answer. The decree dismissing the bill recites that it was heard upon pleadings and proofs, but we find no proofs in the record. An appeal was taken from this decree, and also from the order denying a temporary injunction. We need not discuss the latter.

Complainants' claim is that only the board of public works has authority to fix the grade line of the street for sidewalk purposes; that it rescinded its action first taken by its subsequent recommendation to the council, after which the council had not the authority to proceed with the construction of the walk. It is admitted that its action was not an express repeal of its former resolution, but counsel says that it was a rescission by implication. We think this position untenable. The sidewalk was duly ordered by the council. The board took the requisite action to fix the grade, if it was necessary for it to take any action, in view of its similar standing rule alleged in the answer, which we do not decide. It never abrogated this action. It merely recommended delay, and the council did not acquiesce. The answer in the case fully meets the alleged equities of this bill, and we see no occasion to disturb the decree, which is therefore affirmed, with costs.

MOORE, C. J., and CARPENTER, McALVAY, and OSTRANDER, JJ., concurred.